IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBORAH LAUFER,                          *

      Plaintiff,                          *

      v.                                  *          Civil Action No. 8:20-cv-1974-PX

FT. MEADE HOSPITALITY, LLC,               *

      Defendant.                          *
                                          ***

<u>MEMORANDUM OPINION</u>

Pending before the Court is Plaintiff Deborah Laufer's Motion for Default Judgment against Defendant Fort Meade Hospitality, LLC ("FMH" or Defendant).  ECF No. 7.  Laufer, a physically disabled woman who lives in Florida, contends that FMH's online reservation services violate the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*  ECF No. 1.  Laufer seeks injunctive relief and attorneys' fees.  Because Laufer lacks standing to bring the claim, this Court lacks jurisdiction over the case.  The motion for default judgment is therefore denied and the Complaint is dismissed without prejudice.

I.     **The Complaint**

The Court assumes as true and most favorably to Laufer the facts averred in the Complaint.  Laufer qualifies as a person with a disability under the ADA.  Laufer must use either a cane or wheelchair to walk and relies on a series of structural accommodations in public spaces to achieve access similar to that provided for non-disabled persons.  ECF No. 1 ¶ 1.  Laufer is also a self-described "tester," or a person who takes steps to monitor and ensure "whether places of public accommodation and their websites are in compliance with the ADA."  *Id.* ¶ 2.

The Defendant owns and operates a hotel, the Quality Inn & Suites, located in Laurel,

Maryland.  ECF No. 1 ¶ 3.  The hotel qualifies as a place of public accommodation and is thus

subject to the public access requirements of the ADA which ensure that the hotel is accessible to

disabled individuals.  *Id.*  Pertinent to this suit, one of the ADA's implementing regulations, 28

C.F.R. § 36.302(e)(1), requires that FMH "with respect to reservations made by any means,

including by telephone, in-person, or through a third party," must:

> (i) Modify its policies, practices, or procedures to ensure that individuals
> with disabilities can make reservations for accessible guest rooms during
> the same hours and in the same manner as individuals who do not need
> accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms
> offered through its reservations service in enough detail to reasonably
> permit individuals with disabilities to assess independently whether a
> given hotel or guest room meets his or her accessibility needs;
>
> (iii) Ensure that accessible guest rooms are held for use by individuals
> with disabilities until all other guest rooms of that type have been rented
> and the accessible room requested is the only remaining room of that type;
>
> (iv) Reserve, upon request, accessible guest rooms or specific types of
> guest rooms and ensure that the guest rooms requested are blocked and
> removed from all reservations systems; and
>
> (v) Guarantee that the specific accessible guest room reserved through its
> reservations service is held for the reserving customer, regardless of
> whether a specific room is held in response to reservations made by
> others.

Defendant uses online booking services such as bookings.com, expedia.com, and

priceline.com to secure online reservations.  ECF No. 1 ¶ 9.  On several occasions, Laufer

"visited the websites *for the purpose* of reviewing and assessing the accessible features at the

Property and [to] ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e)

and her accessibility needs."  *Id.* ¶ 10 (emphasis added).  Through reviewing the reservation

options for the Quality Inn & Suites online, Laufer learned that the Defendant does not offer

online reservation information or options that comply with the ADA's implementing regulations. Laufer intends to revisit the websites in the future to learn whether the Defendant comes into compliance with the regulations. That said, nothing in the Complaint makes plausible that Laufer visited the websites to make an actual reservation, or because she intends to rent a room or stay as a guest of the Quality Inn & Suites, now or in the future.

Laufer alleges a wide array of dignitary harms arising from her having visited the online reservation system and learning of the Defendant's failure to comply with ADA regulations. She avers, without specifics, that she is suffering "irreparable harm." *Id.* ¶ 19. She further maintains that she suffers from a "sense of isolation and segregation," and that the violation deprives her "full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public." *Id.* at ¶ 13. This is so, Laufer says, because when she encounters the "discriminatory conditions at Defendant's website, and knowing that it would be a futile gesture to return to the websites unless she is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public." *Id.*

Laufer filed suit on July 3, 2020, and promptly served Defendant on July 22, 2020. ECF Nos. 1, 3. Defendant did not answer or otherwise respond, and so the Clerk of this Court entered default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 5. Laufer now seeks default judgment under the Rule and urges the Court to grant injunctive relief and attorneys' fees. The Court has examined the Complaint, as it must, for legal sufficiency. For the following reasons, Laufer has not plead facts which make plausible that she maintains standing to pursue this claim. Thus, the Court must deny the motion for default judgment and dismiss the Complaint for lack of subject matter jurisdiction.

## II.     Standard of Review

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Thereafter, the court may enter default judgment at the plaintiff's request and with notice to the defaulting party.  Fed. R. Civ. P. 55(b)(2).  Plaintiff, however, is not automatically entitled to default judgment simply because the defendant has not responded.  Whether to enter default judgment is left to the sound discretion of the court.  *See, e.g.*, *Choice Hotels Int'l, Inc. v. Jai Shree Navdurga, LLC*, No. DKC-11-2893, 2012 WL 5995248, at *1 (D. Md. Nov. 29, 2012); *see also Choice Hotels Int'l, Inc. v. Austin Area Hospitality, Inc.*, No. TDC-15-0516, 2015 WL 6123523, at *1 (D. Md. Oct. 14, 2015).

Although the United States Court of Appeals for the Fourth Circuit has announced a "strong policy" in favor of deciding cases on their merits, *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment may be appropriate when a party is unresponsive.  *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421-22 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)); *see Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment award where the defendant lost its summons and did not respond within the proper period); *Disney Enter., Inc. v. Delane*, 446 F. Supp. 2d 402, 405-06 (D. Md. 2006) (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).  In deciding whether default judgment is proper as to liability, the court takes as true all well-pleaded facts in the complaint.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the

4

allegation is not denied.").  The court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to default judgments.  *See, e.g.*, *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011); *Russell v. Railey*, No. DKC-08-2468, 2012 WL 1190972 at *2–3 (D. Md. Apr. 9, 2012); *U.S. v. Nazarian*, No. DKC-10-2962, 2011 WL 5149832 at *2–3 (D. Md. Oct. 27, 2011); *Bogopa Serv. Corp. v. Shulga*, No. 3:08cv365, 2009 WL 1628881, at *1–2 (W.D.N.C. June 10, 2009).  A complaint that avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," is insufficient to award default judgment.  *See, e.g.*, *Balt. Line Handling Co.*, 771 F. Supp. 2d at 544-45 (internal quotation marks omitted) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

### III.   Analysis

As a preliminary matter, the Court must determine whether Laufer has standing to bring this case.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Article III of the United States Constitution makes plain that federal courts are of limited jurisdiction, hearing only live "cases" and "controversies."  *Id.* at 559; U.S. Const. art. III, § 2.  A legal action meets the case-or-controversy requirement where the "questions [are] presented in an adversary context."  *Massachusetts v. E.P.A.*, 549 U.S. 497, 516 (2007) (*quoting Flast v. Cohen*, 392 U.S. 83, 95 (1968)) (internal quotation marks omitted).  Standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation."  *Overbey v. Mayor of Baltimore*, 930 F.3d 215, 227 (4th Cir. 2019) (citations omitted).

Standing requires that the Complaint on its face reflect that Laufer (1) has "suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or

hypothetical"; (2) that her injury is "fairly traceable to the challenged action of the defendant"; and (3) that the injury is capable of redress "by a favorable decision." *Bishop v. Bartlett*, 575 F.3d 419, 423 (4th Cir. 2009) (quotations omitted). Each is "separate criteria" which must be satisfied before the Court may reach the merits of the case. *Griffin v. Dep't. of Labor Fed. Credit Union*, 912 F.3d 649, 653 (4th Cir. 2019). The Court may review whether Laufer has standing *sua sponte. See Dan River, Inc. v. Unitex Ltd.*, 624 F.2d 1216, 1223 (4th Cir.1980) ("[W]hether raised or not, jurisdictional standing is an issue to be considered sua sponte by the court.").

With regard to Laufer's ADA claim arising from her efforts as a "tester" regarding ADA compliance of online reservation services, this Court views the recent Fourth Circuit opinion in *Griffin v. Dep't. of Labor Fed. Credit Union*, as decisive. 912 F.3d at 652. There, a sight-impaired plaintiff averred that the defendant federal credit union did not provide sufficient accessibility features to its website to accommodate his disability. *Id.* The plaintiff described several ways in which he was unable to use the credit union website, in violation of the ADA. *Id.* However, the plaintiff had not averred any facts which made plausible that he would or could ever become a member of the credit union itself or use its services. *Id.* As in this case, the plaintiff sought injunctive relief and attorneys' fees. *Id.* The credit union moved for dismissal for lack of Article III standing which the district court granted. *Id.*

The Fourth Circuit affirmed the district court decision, focusing on whether this "tester" plaintiff, asserting barriers to website access, had made plausible a sufficiently concrete injury to confer standing. *Id.* at 653. Deciding this question in the negative, the Court made clear that assertions of either "dignitary" or "informational harms" based on alleged injuries similar to those pleaded by Laufer, are not sufficiently concrete to render the claim a justiciable case or

controversy.  *Id.* at 654.  The Court reasoned that dignitary or informational harms are sufficient only when the plaintiff demonstrates such harms are comparably relevant to him.  *Id.*  Because the plaintiff never pleaded any ability or intention to make use of the information that he sought to obtain through access to the credit union's online services, the claimed harms were not sufficiently concrete to confer standing.

For similar reasons, the *Griffin* court held that the plaintiff also failed to aver a sufficiently particularized or imminent harm necessary for standing.  "For an injury to be particularized," the Court emphasized, "it must affect the plaintiff in a way that is 'individual.'" *Id.* at 654 (quoting *Lujan*, 504 U.S at 560 n.1).  The plaintiff's failure to make plausible that he would use the credit union services, accordingly, meant that he had not averred how any claimed injury was "individual" or "particularized" to him.  *Id.*

The Complaint suffers from similar defects in failing to aver facts sufficient for Laufer to establish standing.  As in *Griffin*, Laufer complains that the reservation websites' non-compliance with the ADA does not allow her to access the information pertinent to making a reservation for a room that accommodates her disability.  But Laufer pleads *nothing* about her intent or ability to access these very hotel services in person.  She does not present any facts to make plausible that she would or could stay at the hotel or even travel to Maryland.  In fact, the Complaint makes plausible the opposite – that her role as a "tester" who routinely monitors online reservation websites for ADA compliance renders it more probable she will not stay at any of the scores of hotels she is searching on the internet.  Accordingly, as in *Griffin*, Laufer has plead no facts which sets her claimed informational injuries apart from anyone who accesses the online reservation services.  In this critical respect, Laufer has failed to plead an injury sufficiently concrete and particularized to confer standing.  *See, e.g.*, *Laufer v. Mann Hosp. LLC*,

7

No. A-20-CV-620-JRN, 2020 WL 6018945, at *5 (W.D. Tx. Sept. 30, 2020); *Rutherford v. JC Resorts, LLC*, No. 19-cv-665-BEN-NLS, 2020 WL 4227558, at *4-5 (S.D. Cal. July 23, 2020); *Hernandez v. Caesars License Co.*, *LLC*, Nos. 19-cv-6087 and 19-cv-6088, 2019 WL 6522740, at *2 (D.N.J. Dec. 4, 2019); *but see*, *Kennedy v. R.V. Corp.*, No. 2:19-cv-092, 2020 WL 6386394, at *2-3 (S.D. Ga. Oct. 30, 2020); *Kennedy v. NILA Investment, LLC*, No. 2:19-cv-90, 2020 WL 3578362, at *2-3 (S.D. Ga. July 1, 2020).

Finally, as in *Griffin*, Laufer's claimed injuries are hardly imminent because, as pleaded, she has failed to make plausible that she would return to the website "other than . . . as a tester, which alone is insufficient." *Griffin*, 912 F.3d at 657. Laufer, in fact, expressly avers that any future return would be only to monitor the Defendant's compliance with ADA regulations. ECF No. 1 ¶ 11. *Cf. id.* at 656 ("Griffin has not demonstrated that his intent to return to the Credit Union's website is plausible. Indeed, there are reasons to think it is objectively implausible: why would an individual with no hope of ever making use of the Credit Union's services want to visit a website describing those services?").

In sum, because the Complaint facts, viewed most favorably to Laufer, fail to make plausible that she has suffered an injury that it is sufficiently particularized, concrete and imminent, this Court lacks jurisdiction to hear the claim. The motion for default judgment must be denied and the Complaint dismissed for want of jurisdiction. The Court, however, dismisses the Complaint without prejudice to give Laufer the opportunity to cure the defects, if possible. That said, the Court notes that Laufer has filed *scores* of nearly identically drafted Complaints in several jurisdictions.[1] Mere incantations of some amorphous intent to visit this particular hotel,

---

[1]      *See, e.g.*, *Laufer v. Shri Sudha Devi LLC*, 20-cv-1971-CCB (D. Md.); *Laufer v. Columbia Lodging Inc.*, 20-cv-1972-GLR (D. Md.); *Laufer v. Bre/Esa P Portfolio, LLC*, 20-cv-1973-SAG (D. Md.); *Laufer v. Prestige Hospitality Group, LLC*, 20-cv-2119-CCB (D. Md.); *Laufer v. Jessup QI, LLC*, 20-cv-2135-JKB (D. Md); *Laufer v. Naranda Hotels, LLC*, 20-cv-2136-CCB (D. Md.); *Laufer v. Richbell Carrollton, LLC*, 20-cv-2325-TDC (D. Md.);

without more, will not save her claim.

A separate order follows.

_____11/10/20_____                          _____/S/_____
Date                                                        Paula Xinis
                                                              United States District Judge

---

*Laufer v. HH Melrose Hotel Associates LP*, 20-cv-1981-ABJ (D.D.C.); *Laufer v. Alamac Inc.*, 20-cv-2206-TNM (D.D.C); *Laufer v. Hasmukh H Patel*, 20-cv-314-TES (M.D. Ga.); *Laufer v. Ish Properties LLC*, 20-cv-326-MTT (M.D. Ga.); *Laufer v. Jay Sai Ganesh LLC*, 20-cv-3317-MLB (N.D. Ga.); *Laufer v. Five Star Hospitality LLC*, 20-cv-189-ELR (N.D. Ga.); *Laufer v. Richmond Hill Hospitality Inc.*, 20-cv-147-RSB-CLR (S.D. Ga); *Laufer v. MAA, LLC*, 20-cv-69-RSB-CLR (S.D. Ga.); *Laufer v. 145 Dean Drive LLC*, 20-cv-10325-SDW-LDW (D.N.J.); *Laufer v. Intercontinental Hotels Group*, 20-cv-8225-FLW-LHG (D.N.J.); *Laufer v. Chandni Corporation*, 20-cv-2218-JJH (N.D. Ohio); *Laufer v. Tribhuvan Real Estate LP*, 20-cv-1188-MRH (W.D. Pa.); *Laufer v. AAM Hospitality Corp.*, 20-cv-1010-DSC (W.D. Pa.); *Laufer v. Krishna Real Estate 4 LLC*, 20-cv-745-wmc (W.D. Wis.); *Laufer v. Geissler LLC*, 20-cv-985-wmc (W.D. Wis.).